IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YESNIA BALCAZAR,<br><br>                          Plaintiff,<br><br>v.<br><br>MENARD, INC.,<br><br>                         Defendant. | Case No. 1:22-cv-06073<br><br>Removed from the Circuit Court of the Nineteenth Judicial Circuit, Case No. 22LA00000513 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant, MENARD, INC. ("Menards"), through undersigned counsel, hereby removes the above-captioned civil action from the Circuit Court of the Nineteenth Judicial Circuit to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Menards states as follows:

**INTRODUCTION**

1. Menards seeks removal to federal court based upon 28 U.S.C. § 1441(a) which allows removal of a civil action from a state court to a federal court in circumstances where the federal court would have original jurisdiction over the action.

2. The Court has original jurisdiction over this action based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3. The parties are of diverse citizenship—Plaintiff Yesnia Balcazar ("Plaintiff") is a citizen of Illinois; Menards is a Wisconsin corporation with its principal place of business in Wisconsin, and the amount in controversy exceeds $75,000.

1

## BACKGROUND

4. On October 4, 2022, Plaintiff filed a complaint in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, styled as *Yesnia Balcazar v. Menard, Inc*., Case No. 22LA00000513.

5. Plaintiff seeks damages for various medical expenses, injuries, and lost wages suffered when she slipped and fell during regular business hours at a Menards home improvement retail store in Gurnee, Illinois.

6. Plaintiff alleges that her fall was due to foreign substances on the store floor and Menards was negligent.

7. Menards received the summons and complaint on October 4, 2022.

8. A copy of all process, pleadings, and orders served upon Menards is attached hereto as Exhibit 1.

## BASIS FOR REMOVAL

9. By statute, grants federal courts jurisdiction over two types of cases: those that "arise under" federal law, 28 U.S.C. § 1331, and those where there is diversity of citizenship and an amount-in-controversy requirement is met, 28 U.S.C. § 1332(a). *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, 204 L.Ed.2d 34 (2019).

10. A defendant may remove to federal court any action filed in state court that could have originally been filed in federal court. 28 U.S.C. § 1441(a)

11. District courts have diversity jurisdiction over all actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of a State and citizens ... of a foreign state ...." 28 U.S.C. § 1332(a).

12. Plaintiff is a citizen of Illinois.

13. Menards is a Wisconsin corporation with its principal place of business in Wisconsin.

14. Hence, the parties are diverse in the case at bar.

15. Illinois Supreme Court Rule 222(b) required that Plaintiff attach to her initial pleading an "affidavit that the total money damages sought does or does not exceed $50,000." Ill. S. Ct. R. 222(b).

16. Plaintiff attached a Rule 222(b) affidavit to her complaint—averring that the total money damages sought exceeds $100,000.

17. Accordingly, the amount in controversy requirement is satisfied.

**COMPLIANCE WITH PROCEDURE FOR REMOVAL**

18. Menards has removed a diversity case to federal court in full compliance with he jurisdictional and procedural requirements for removal set out in 28 U.S.C. §§ 1441 and 1446.

19. Promptly after the filing of this notice of removal, Menards shall give written notice thereof to Counsel for Plaintiff and shall file a copy of the notice with the Clerk of the Circuit Court of Nineteenth Judicial Circuit pursuant to 28 U.S.C. § 1446(d).

DATED: November 3, 2022                    Respectfully submitted,

                                             **MENARD, INC.**

                                             By: */s/ W. Anthony Andrews*
                                                    One of its Attorneys

OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
W. Anthony Andrews (ARDC # 6217267)
Joseph S. Davidson (ARDC # 6301581)
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 3, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system.

       Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

       I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

Gary A. Newland<br>
Erin A. Adamski<br>
NEWLAND & NEWLAND, LLP<br>
121 South Wilke Road, Suite 301<br>
Arlington Heights, Illinois 60005

                                                  */s/ Joseph S. Davidson*