IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YESNIA BALCAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 6073 |
| v. | ) | |
| | ) | Magistrate Judge |
| MENARD, INC., | ) | Daniel P. McLaughlin |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This personal injury case is before the Court on Defendant Menard, Inc.'s motion for summary judgment [58]. For the reasons that follow, Defendant's motion is granted in part and denied in part.

**DISCUSSION**

**I.    MATERIAL FACTS**[1]

1.    Defendant operates a home improvement store (known as Menards) in Gurnee, Illinois.

2.    On the afternoon of November 30, 2021, Plaintiff Yesnia Balcazar, her granddaughter, and her goddaughter visited the Menards store.

3.    Upon entering the store, Plaintiff made a return of two cans of paint at the front desk.

---

[1] The following facts are undisputed and are derived from the parties' Local Rule 56.1 statements and responses.

1

4.      After completing the return, Plaintiff and the children walked toward the toy aisle and entered an aisle with cleaning supplies.

5.      The girls wanted a shopping cart, so they turned around to go back and get one.

6.      Plaintiff then slipped and fell on an unknown slippery substance on the floor.

7.      Plaintiff was not specifically looking at the ground before her fall and she did not know what she fell on.

8.      Plaintiff did not see any containers or bottles nearby that could have caused the spill.

9.      After falling, Plaintiff walked to the front desk to report the incident and spoke to front end manager Aleksandra Gudelj.

10.     Plaintiff told Gudelj that she slipped in Aisle 3, fell down, and hurt her knee.

11.     In the area where Plaintiff fell, detergent was on display in the aisle.

12.     Immediately after Plaintiff's fall, Gudelj saw a thick liquid substance on the floor.

13.     Gudelj did not know how long the substance was on the floor.

14.     Gudelj filled out an incident report based on Plaintiff's account and took a photograph of the spill area.

15.     Gudelj was unaware of any prior incidents or complaints involving the area of Plaintiff's fall.

16.     After Plaintiff reported her fall, Gudelj went to the loss prevention security room to save the camera footage of the aisle where the incident occurred.

17.     The video footage tendered by Defendant is 45 minutes long.

18.     As shown on the video, in the 42 minutes and 14 seconds prior to Plaintiff's fall, 134 guests and 9 team members walked through the area in which Plaintiff slipped and fell without incident.

19.     As shown by the video footage, none of the 143 people who walked through the area – including Plaintiff – are seen spilling, dropping, or leaking anything on the floor.

20.     The video footage does not show a leak, spill, drop, collision, fall, crash, or similar situation in the area which could otherwise cause a spill.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient." *Johnson v. Doughty*, 433 F.3d 1001, 1009-10 (7th Cir. 2006) (quotations and alterations omitted). However, the court is to "construe the record and all reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party." *Thompson Corrugated Sys., Inc. v. Engico, S.R.L.*, 111 F.4th 747, 751 (7th Cir. 2024) (citation omitted).

**III.   ANALYSIS**

Plaintiff has asserted claims against Defendant for negligence (Count I) and premises liability (Count II). This diversity actions arises from events that took place in Illinois and is governed by Illinois substantive law. *See DeJohn v. Dollar Tree Stores, Inc.*, No. 18-CV-00079, 2021 WL 767618, at *2 (N.D. Ill. Feb. 26, 2021). Under Illinois law, negligence and premises liability are distinct torts with distinct elements that should be analyzed "separately and fully." *Id.* (citation omitted). Accordingly, the Court will address each claim in turn.

**A.   Negligence**

To prevail on a negligence claim under Illinois law, a plaintiff "must prove that (1) the defendant owed a duty of reasonable care to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injury." *DeJohn*, 2021 WL 767618 at *2 (citation omitted). Where a business invitee "is injured by slipping on a foreign substance, the defendant business may be liable if the substance was placed on the premises by the negligence of the proprietor or its agents." *Id.* (citations omitted). In this case, Plaintiff has not offered any evidence from which a reasonable jury could conclude that the liquid substance on which she fell was placed in the aisle through the negligence of Defendant or its agents. Accordingly, Defendant is entitled to summary judgment on Plaintiff's negligence claim. *See Price v. Int'l Paper Co.*, No. 17-CV-06097, 2020 WL 6044288, at *3 (N.D. Ill. Oct. 13, 2020).

B. **Premises Liability**

Under Illinois law, landowners owe business invitees a duty of care to keep premises reasonably safe. *Devine v. Nat'l R.R. Passenger Corp.*, No. 1:18-CV-05038, 2020 WL 5569832, at *4 (N.D. Ill. Sept. 17, 2020). Although Plaintiff's failure to present evidence regarding the source of the liquid substance defeats her ordinary negligence claim, Defendant "could still be liable under a premises liability theory if it knew or should have known of the presence of a dangerous condition and failed to exercise reasonable care to protect invitees against the danger." *Price*, 2020 WL 6044288 at *3 (citation omitted). Along those lines, premises liability can attach if the owner has "actual or constructive knowledge of the alleged dangerous condition." *Devine*, 2020 WL 5569832 at *4. In this case, Plaintiff concedes that she has not proffered evidence suggesting that Defendant had actual knowledge of the substance on the floor. ([63] at 1.) Accordingly, the question becomes whether Defendant had constructive knowledge of the substance.

As pertinent here, under Illinois law, a plaintiff may establish constructive knowledge "by presenting evidence that the dangerous condition was present for a sufficient length of time such that in the exercise of ordinary care its presence should have been discovered." *Devine*, 2020 WL 5569832 at *4 (citation omitted). "No bright-line rule exists to determine how long a dangerous condition must persist on the premises for constructive knowledge of the condition to arise." *Id.* at *5 (citation omitted). Instead, in examining constructive knowledge, "courts must also evaluate the specific circumstances of the case and conditions of the premises

5

at the time of the fall" and courts have recognized that "[w]hen customer traffic is heavy . . . defendants must provide frequent and careful patrolling." *Id.* (citations and internal quotations omitted). "[T]he question of the length of time required to establish constructive notice of a defective condition is generally a question of fact for the jury." *Thompson v. Menard, Inc.*, No. 16 C 6560, 2017 WL 4164196, at *5 (N.D. Ill. Sept. 20, 2017) (citation omitted).

    The Court sees no reason to deviate from this latter general rule in this case. As stated by Defendant, Plaintiff "slipped and fell on an unknown slippery substance on the floor of an aisle in a Menards home improvement store." ([60] at 1.) Per the material facts set forth above, there are unresolved questions of fact regarding how long the substance was on the floor and whether the length of time was enough to put Defendant on notice of the dangerous condition. *See Devine*, 2020 WL 5569832 at *5 ("[C]onsidering that the mat cinched for over ten minutes and the presence of substantial traffic flow during rush hour, the record contains a triable issue of fact as to whether Amtrak and CUSCo should have discovered the mat's condition prior to her fall, thus precluding summary judgment on the issue of constructive knowledge."). Based on the video evidence, as Plaintiff points out, it is possible (if perhaps improbable) that the spill occurred before the footage started such that the substance was on the floor for at least 42 minutes prior to Plaintiff's fall. ([63] at 6, 8-9; ¶¶ 19-20 *supra*.) In any event, that is a factual issue to be resolved by a jury. For its part, Defendant maintains that "it is possible that the

6

floor did not get wet until just before Balcazar walked down the aisle." ([60] at 7.) That, too, is a factual question to be resolved by a jury.

Ultimately, because there are triable questions of fact concerning constructive knowledge, Defendant is not entitled to summary judgment on Plaintiff's premises liability claim. *See Thompson*, 2017 WL 4164196 at *5 ("Here, a jury could likewise reasonably infer that the sidewalk defect was present for long enough to put Menard on constructive notice of its existence, even without witness testimony as to the length of time that the defect was present. . . .Whether the evidence is such that Thompson will prevail at trial is unclear, but she has raised a genuine dispute of material fact as to the issue of constructive notice, and Menard's motion for summary judgment is accordingly denied.").

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [58] is granted in part and denied in part. Defendant's motion is granted as to Plaintiff's negligence claim (Count I) and denied as to Plaintiff's premises liability claim (Count II).

**SO ORDERED.**   **ENTERED:**

**DATE:      April 2, 2024**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**